## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

CYNTHIA CASSETT-MILBOURNE,     :     **CIVIL ACTION NO.:**
                                :
                *Plaintiff*,    :
                                :
            vs.                 :
                                :
                                :
                                :
BANK OF AMERICA, N.A. d/b/a     :
MERRILL, LYNCH, PIERCE, FENNER  :
& SMITH INCORPORATED            :
                                :
                *Defendants*.   :

### COMPLAINT AND JURY DEMAND

**I.     PRELIMINARY STATEMENT**:

1.      This is an action for an award of damages, declaratory and injunctive

relief, attorney's fees and other relief on behalf of Plaintiff, Cynthia Cassett-Milbourne

("Plaintiff"),  an employee of Bank of America, N.A. d/b/a Merrill, Lynch, Pierce, Fenner

& Smith Incorporated ("Defendant"), who has been harmed by the Defendant's unlawful

employment practices.

2.      This action is brought under Title VII of the Civil Rights Act of 1964, 42

U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991, at 42 U.S.C.

§1981(a) ("Title VII"), the Civil Rights Act of 1871, 42 U.S.C. §1981("§1981"), and the

New Jersey Law Against Discrimination, N.J. Stat. §10:5-1 et seq. ("NJLAD").

## II.   JURISDICTION AND VENUE:

3.    The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §1331 and §1391 as Plaintiff's claims are substantively based on Title VII and §1981.

4.    The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff's claims arising under the NJLAD.

5.    All conditions precedent to the institution of this suit have been fulfilled. On December 8, 2010, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue.  This action has been filed within ninety (90) days of receipt of said notice.

## III.   PARTIES:

6.    Plaintiff, Cynthia Cassett-Milbourne ("Plaintiff"), is an African-American female and citizen of the Commonwealth of Pennsylvania, residing therein at 533 Williamsburg Way, King of Prussia, Pennsylvania 19406.

7.    Defendant,  Bank of America, N.A. d/b/a Merrill, Lynch, Pierce, Fenner & Smith Incorporated ("Defendant"), is a corporation duly organized and existing under the laws of the state of Delaware, maintaining a place of business located at 1700 Merrill Lynch Drive, Pennington, New Jersey 08534.

8.    At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of

employment, and under the direct control of the Defendant.

9.     At all times material herein, the Defendant is and has been a "person" and an "employer" as defined under Title VII, §1981 and the PHRA, and is accordingly subject to the provisions of each said Act.

## IV.   STATEMENT OF FACTS:

10.     Plaintiff, an African-American female, was employed by Defendant from on or about April 27, 1998 until on or about May 29, 2009, the date of her unlawful termination

11.     During the course of her employment with the Defendant, the Plaintiff held the position of Media Buyer and at all times maintained a satisfactory job performance rating.

12.     At all times relevant hereto, the Plaintiff was one (1) of three (3) Africa-American individuals working in a department of approximately one hundred (100) employees.

13.     In or about December of 2008, Joseph DeRoss ("DeRoss"), Manager, informed the Plaintiff that the Defendant had moved her to its Local Advertising Team.

14.     While on Defendant's Local Advertising Team, the Plaintiff worked alongside Robin Larr ("Larr"), Media Buyer, a Caucasian individual.

15.     At all times relevant hereto, the Plaintiff excelled in her position on the

Local Advertising Team.

16.     By way of example, in or about March of 2009, the Plaintiff created a new process for use by the Defendant's Management and Design Teams.  Said process was well-received and the Plaintiff received praise expressing the same from her superiors, including, but not limited to, Smiti Kumar ("Kumar"), Manager.

17.     On or about May 29, 2009, the Defendant terminated the Plaintiff's employment, allegedly because it had "eliminated" her position.

18.     However, the Defendant did not similarly terminate Larr, a less qualified, less experienced Caucasian individual, who held the same Media Buyer position at the Plaintiff.

19.     Even more curiously, upon information and belief, at all times relevant hereto the Plaintiff performed a majority of Larr's job duties in addition to her own job duties.

20.     The Defendant's articulated reason for the termination of the Plaintiff's employment was and is pure pretext, and the Plaintiff's employment was actually terminated based solely on her race (African-American).

**COUNT I**
*Title VII - Race Discrimination (African-American)*
**Plaintiff v. Defendant**

21.     Plaintiff hereby incorporates by reference paragraphs 1 through 20 of her Complaint as though fully set forth herein.

22.     The actions of Defendant, through its agents, servants and employees,  as aforesaid, were discriminatory in nature and motivated by reason of Plaintiff's race (African-American), in violation of Title VII.

23.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of Title VII, Plaintiff sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

24.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of Title VII, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### 42 U.S.C. §1981 - Race Discrimination
### Plaintiff v. Defendant

25.     Plaintiff hereby incorporates by reference paragraphs 1 through 24 of her Complaint as though fully set forth herein

26.     The actions Defendant, through its agents, servants and employees, in subjecting Plaintiff to discrimination and terminated her employment based on her race (African American) constitutes a violation of §1981.

27.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of §1981, Plaintiff sustained

permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

28.    As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of §1981, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem and have sustained a loss of earnings, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

**COUNT III**
*NJLAD - Race Discrimination (African-American)*
**Plaintiff v. Defendant**

29.    Plaintiff incorporates by reference paragraphs 1 through 28 of her Complaint as though fully set forth at length herein.

30.    The actions of the Defendant, through its agents, servants and employees, as aforesaid, were discriminatory in nature and motivated by reason of Plaintiff's race (African-American), in violation of the NJLAD.

31.    As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the NJLAD, Plaintiff sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

32.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of the NJLAD, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

33.     Plaintiff incorporates by reference paragraphs 1 through 32 of her Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor and against the Defendant, and order that:

a.     Defendant compensate Plaintiff with a rate of pay and other benefits and emoluments of employment, to which she would have been entitled, had she not been subjected to Defendant's unlawful employment practices;

b.     Defendant compensate Plaintiff with an award of front pay, if appropriate;

c.     Defendant pay Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d.     Defendant pay to Plaintiff, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e.     The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.


**SIDNEY L. GOLD & ASSOCIATES, P.C.**


BY:   */s/Brendan D. Hennessy, Esquire*
      BRENDAN D. HENNESSY, ESQUIRE
      1835 Market Street, Suite 515
      Philadelphia, PA 19103
      (215) 569-1999
      ***Attorney for Plaintiff***



DATED:      February 24, 2011

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct

to the best of my knowledge, information and belief.


 2/,4/11
**DATE**

*Cynthia Cassett - Milbourne*
**CYNTHIA CASSETT-MILBOURNE,**
**PLAINTIFF**